IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL LUKETICH,                )
                              )
         Plaintiff,           )
                              )
    v.                        )  Civil Action No. 08-1447
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
         Defendant.           )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 21st day of February, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, denied. The case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff filed his SSI application on November 30, 2005, alleging disability due to drug addiction, impaired vision in his left eye, a heart condition and depression.[1] Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on August 9, 2007, at which plaintiff, who was

---

[1] Plaintiff also filed an application for disability insurance benefits ("DIB") under Title II of the Act. Plaintiff states that he appealed the full decision of the ALJ regarding both his SSI and DIB applications to the Appeals Council, and to this court, only because there is no device by which to separate the claims. However, the issues raised by plaintiff in his appeal to this court pertain only to the ALJ's finding that he is not entitled to SSI benefits. See plaintiff's Brief in Support of Summary Judgment Motion (Document No. 13) at 3, n.1.

represented by counsel, appeared and testified. On November 5, 2007, the ALJ issued a decision finding that plaintiff is not eligible for SSI benefits because his substance addiction is a contributing factor material to his disability. On August 25, 2008, the Appeals Council denied plaintiff's request for review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 53 years old at the time of the administrative hearing and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has a high school education, but he does not have any past relevant work experience.

After reviewing plaintiff's medical records, the ALJ found that plaintiff suffers from the severe impairments of infantile nystagmus syndrome of the left eye, cervical spondylosis, polysubstance abuse and major depression. The ALJ determined, however, that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ applied the regulations governing the analysis of whether substance addiction is a contributing factor material to the determination of disability and found, based on all of plaintiff's impairments including his substance addiction, that he had the residual functional capacity to perform medium work prior to July 1, 2007, but only light work thereafter, and he also is limited by certain non-exertional limitations. First, plaintiff

requires work that can be performed with vision in only one eye. In addition, he is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment. Plaintiff further is limited to work involving simple decisions and relatively few work place changes. Finally, plaintiff would be off-task more than ten percent of a normal workday due to symptoms related to his substance addiction. Taking into account all of plaintiff's impairments, including substance addiction, the ALJ found that plaintiff's vocational factors and residual functional capacity precluded him from performing any work that exists in the national economy.

As required by the regulations, the ALJ next considered whether, absent substance addiction, plaintiff's remaining severe impairments produced work-related limitations that still rendered him disabled. The ALJ found that absent substance addiction, plaintiff's residual functional capacity would be the same as set forth above, except that he would not be off-task more than ten percent of a normal workday. Based on the vocational expert's testimony, the ALJ then concluded that absent substance addiction, plaintiff's vocational factors and his residual functional capacity permit him to perform work that exists in significant numbers in the national economy, such as a stock clerk, janitorial cleaning position or laundry worker. Accordingly, the ALJ found that plaintiff would not be disabled if he stopped using drugs, rendering him ineligible for benefits under the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B). However, the Act also expressly provides that "an individual shall not be considered to be disabled ... if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §1382c(a)(3)(J).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

However, where a claimant is found disabled and there is

- 5 -

medical evidence of alcoholism or drug addiction, the regulations require the ALJ to determine whether the claimant's alcoholism or drug addiction "is a contributing factor material to the determination of disability." 20 C.F.R. §416.935(a). The process for making that determination is spelled out in the regulations as follows:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 C.F.R. §416.935(b).

If the ALJ concludes based on the foregoing process that the claimant's remaining limitations would not be disabling, then he will find that substance addiction is a contributing factor material to the determination of disability, and the claimant will be ineligible for benefits. 20 C.F.R. §416.935(b)(2)(i). Conversely, if the ALJ determines that the claimant's remaining limitations are disabling, the claimant is disabled independent of his substance addiction, and the ALJ will find that the claimant's substance addiction is not a contributing factor material to the determination of disability. 20 C.F.R. §416.935(b)(2)(ii).

In this case, the ALJ initially considered all of plaintiff's

impairments, including his substance addiction, and found that he is disabled. In accordance with 20 C.F.R. §416.935, the ALJ then considered whether plaintiff still would be disabled by his other severe impairments if he stopped using drugs. Absent plaintiff's substance addiction, the ALJ determined that the functional limitations which result from his remaining severe impairments do not preclude him from performing work that exists in the national economy. Accordingly, the ALJ concluded that plaintiff's substance addiction is a contributing factor material to the disability determination and therefore found him to be ineligible for benefits.

Plaintiff argues on appeal that the ALJ's conclusion that his substance addiction is a contributing factor material to the determination of disability is not supported by substantial evidence. In particular, plaintiff contends that even when he was not abusing controlled substances, he was disabled by his major depression.[2] Upon a review of the record, this court finds that the ALJ failed to consider certain evidence from plaintiff's treating psychologist, and, as a result, this case must be remanded to the ALJ for additional evaluation.

In evaluating the medical evidence in this, the ALJ considered Dr. Stephen Perconte's psychological consultative

---

[2] Plaintiff also claims that the ALJ did not evaluate the effect of his substance abuse consistent with the regulations and underlying policy statements. Plaintiff's claim lacks merit, as the ALJ's decision makes clear that he evaluated this case consistent with the procedure set forth in 20 C.F.R. §416.935.

examination of plaintiff, in which Dr. Perconte concluded that plaintiff's impaired attention was attributable to his substance addiction disorder. (R. 110-111). The ALJ relied heavily on Dr. Perconte's opinion to find that absent plaintiff's substance addiction, he would not be off-task on a consistent basis, and thus would not be disabled. (R. 26).

The ALJ's review of the medical evidence also included discussion of certain information from Dr. Gail Kubrin, who is plaintiff's psychiatrist, and Dr. Mary Egan, who is his psychologist. The ALJ referred to an employability assessment form completed by Dr. Egan in January 2006, and a report by Dr. Kubrin completed in August 2007. The ALJ stated, "[b]oth of these treating medical sources have rendered their respective opinions considering the effects of [plaintiff's] substance use disorder. Therefore, for purposes of assessing [plaintiff's] claim excluding [his] substance use disorder, their opinions offer very little probative value." (R. 26). Thus, according to the ALJ, neither Dr. Egan nor Dr. Kubrin offered an opinion about plaintiff's functional limitations absent substance addiction.

To the contrary, however, Dr. Egan commented on that very matter in a letter report dated July 20, 2007. In that report, Dr. Egan indicated that plaintiff was diagnosed with polysubstance dependence, which she stated was in remission, as well as major depressive disorder. (R. 212). Dr. Egan further stated, "while [plaintiff] has made good progress with the polysubstance dependence and is abstinent, he has made limited progress with his

mood disorder and he remains depressed and limited in functioning." (R. 212). Therefore, according to Dr. Egan, even when plaintiff abstains from substance abuse, depression still limits his ability to function. The ALJ failed to address in his decision Dr. Egan's opinion set forth in the July 20, 2007, letter report, and he also failed to state what weight, if any, he would attribute to that opinion. For these reasons, remand is necessary.

Upon remand, the ALJ shall consider Dr. Egan's opinion concerning the effect sobriety has on plaintiff's other severe impairments. In addition, the ALJ shall obtain any additional medical evidence that he deems necessary on the issue of whether plaintiff still would be disabled if he stopped abusing drugs. Plaintiff, of course, should remain cognizant that the ultimate burden of proving that he would remain disabled even if he ceases drug use remains upon him. See, Sklenar v. Barnhart, 195 F.Supp.2d 696, 705-06 (W.D.Pa. 2002); Brown v. Apfel, 192 F.3d 492, 498-99 (5th Cir. 1999).

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

*[signature]*
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 South Braddock Avenue
Suite 570
Pittsburgh, PA 15218

Jessica Smolar
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219